IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EMMERSON OSBORNE                                                    PETITIONER

v.                                                                  No. 2:08CV58-P-A

STATE OF MISSISSIPPI, ET AL.                                        RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Emmerson Osborne for a writ of *habeas corpus* under 28 U.S.C. § 2241. The court has reviewed the petition and its amendments and, as discussed below, has found all the petitioner's claims to be without merit or improperly before the court in a *habeas corpus* proceeding. For this reason, the instant petition for a writ of *habeas corpus* shall be dismissed.

## Facts and Procedural Posture

Osborne filed his original handwritten § 2241 petition without using the court's standard form. The court then sent the correct form to the petitioner with a memo informing him that his petition had been filed – but that he needed to complete the form petition and return it to the court. Instead, Osborne filled out and returned a form complaint for a suit filed under 42 U.S.C. § 1983 – accompanied by a letter stating that he could not use the form provided because he had not yet been convicted or sentenced. The court has construed the claims on the § 1983 complaint as amendments to the original petition.

In his original petition with the court, Osborne challenges various procedural steps regarding his arrest, the subsequent investigation, and the state's prosecution of capital murder charges against him. Osborne was on parole after serving ten years incarceration for a previous state conviction when he was arrested January 17, 2006, for violating the terms of his parole.

However, during his detention for the parole violation, deputies with the Bolivar County Sheriff's Department questioned him about other matters they were investigating. Osborne was questioned four or five times during the next ten days. Then Parole Officer Foster found that Osborne had, indeed, violated the terms of his parole. Osborne attended a hearing before Judge Harold Ward on February 2, 2006. The plaintiff was charged with capital murder and later indicted on that charge.

As best the court can discern, Osborne makes the following claims. He passed a letter setting forth the events leading to his arrest and detention to one of the prison guards and requested that the guard forward the letter to a friend – who was then to pass it on to the United States Marshal or the F.B.I. Instead, it appears that the prison guard passed the letter to the local investigators. He also claims that he did not appear before a judge within seventy-two hours. In addition he claims that his grievance challenging the validity of parole violation was dated improperly. Further, Osborne claims that an investigator for the Sheriff's Department signed a statement used against him – but the investigator lacked the authority to sign the document. Osborne also alleges that his motion to dismiss the charges against him in state court was improperly denied.[1] Further, he argues that he was denied a preliminary hearing. Near the end of his petition, Osborne summarizes his claims thus (set forth verbatim):

> Petitioner have no other reason but to believe with proof that this hold case and arrest has been a conspiracy to try and cover up; misuse of authority, untrained officials and partial diabolical scam that are being display under justiced.

---

[1]Osborne filed the motion on February 28, 2007, but he was not indicted until approximately March 20, 2007. Thus, according to Osborne's allegations, the motion was premature.

## Original Petition

Osborne's claims in his initial petition are all bare allegations – merely legal conclusions. He does not, however, allege any *facts* to warrant *habeas corpus* relief in this case, and mere legal conclusions are insufficient to sustain a federal *habeas corpus* claim. *United States v. Woods*, 870 F.2d 285 (5th Cir. 1989). Indeed, even if the legal conclusions proved true, none would state a claim for *habeas corpus* relief in this case. As such, all of the petitioner's claims in his initial petition shall be dismissed for failure to state a claim upon which relief could be granted.

## Amended Petition

In his amended petition filed on the form for seeking § 1983 relief, Osborne alleges that he received improper medical care and that he was deprived of property (money from his canteen account). The remainder of Osborne's amended petition is a collection of sick call requests, grievance forms, and letters regarding various matters. None of the plaintiff's grounds in his petition state a claim for *habeas corpus* relief. As such, these claims shall be dismissed.

## Exhaustion

As a general rule, "[p]re-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial." *Tinsley v. Cockerell*, 2002 WL 31495984, * (N.D. Tex), citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Section 2241 does not on its face require exhaustion; however, absent special circumstances, federal courts should abstain from hearing such claims until the appropriate state court is given an opportunity to rectify the problem, even when the relief petitioner seeks goes to his right to a

speedy trial under the United States Constitution. *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, (1973); *Dickerson,* 816 F.2d at 225. In this case, Osborne has an attorney, and his criminal case is proceeding in state court. He does not allege that he has appealed the state court's decision to deny his motion to dismiss; nor does he allege that he has re-urged the motion to dismiss now that he had been indicted. As such, he has not exhausted state remedies, and his claims for relief must be dismissed for that reason, as well.

In sum, all of the plaintiff's claims for relief shall be dismissed for failure to exhaust and for want of substantive merit. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of August, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE